civilian working in a humanitarian capacity and was intentionally targeted by the Saddam Hussein regime in its attempts to oppress and maintain control over the Kurdish people.

92. Another example was the capture, unlawful incarceration, forced disappearance, torture, and murder of Kafia Ismail's spouse.

93. The Defendant Australian Wheat Board aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through direct payments in violation of international law which had the substantial effect on the perpetration the actions herein complained of.

94. The Defendant BNP Paribas aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through offering and providing an escrow account where the funds were held, analyzed for compliance with the Security Counsel Resolution 986, and nevertheless disbursed to the Saddam Hussein regime to be used in furtherance of the actions herein complained of.

95. Defendants' acts and omissions constitute "torts committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C. §1350 and also customary international law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

96. The acts and omissions constituting crimes against humanity caused Plaintiffs and the members of their class to suffer damages, including severe physical and mental pain and suffering, in amounts to be determined at trial.

97.   Defendants' acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

### Third Claim for Relief
### Genocide

98.   Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 97 of this Complaint as if fully set forth herein.

99.   The Saddam Hussein regime acted with the intent to destroy, in whole or in part, the national, ethnic, and/or religious groups including the Kurdish people, the Shiite people, and the Marsh Arabs in the territory of Iraq by committing the following acts:

   a)   killed members of the national, ethnic, and/or religious groups including the Kurdish people, the Shiite people, and the Marsh Arabs;

   b)   caused serious bodily and/or mental harm to the national, ethnic, and/or religious groups including the Kurdish people, the Shiite people, and the Marsh Arabs; and/or

   c)   deliberately inflicted on the national, ethnic, and/or religious groups including the Kurdish people, the Shiite people, and the Marsh Arabs conditions of life calculated to bring about its physical destruction in whole or in part.

100.   The Defendant Australian Wheat Board aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through direct payments in violation of international law which had the substantial effect on the perpetration of the actions herein complained of.

101.   The Defendant BNP Paribas aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through offering and providing an escrow account where the funds were held, analyzed for compliance with the Security Counsel Resolution 986, and nevertheless disbursed to the Saddam Hussein regime to be used in furtherance of the actions herein complained of.

102. Defendants' acts and omissions constitute "torts committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C. §1350 and also customary international law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

103. The acts and omissions constituting crimes against humanity caused Plaintiffs and the members of their class to suffer damages, including severe physical and mental pain and suffering, in amounts to be determined at trial.

104. Defendants' acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

**Fourth Claim For Relief**
**Torture**

105. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 104 as if fully set forth herein.

106. The Plaintiffs' spouses and the members of their class were tortured by Saddam Hussein regime under the color of law.

107. The torture committed against the Plaintiffs' spouses and the members of their class were part of the campaign of violence against the Iraqi people that constituted crimes against humanity, genocide, and war crimes conducted by the Saddam Hussein regime and furthered by the actions of the Defendants.

108. The Plaintiffs' spouses and the members of their class suffered the intentional infliction of severe pain or suffering, physical or mental, while in custody and/or under the control of the Saddam Hussein regime.

109.    The suffering of the Plaintiffs and the members of their class did not result from lawful sanctions.

110.    The Defendant Australian Wheat Board aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through direct payments in violation of international law which had the substantial effect on the perpetration of the torture.

111.    The Defendant BNP Paribas aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through offering and providing an escrow account where the funds were held, analyzed for compliance with the Security Counsel Resolution 986, and disbursed to the Saddam Hussein regime to be used in furtherance of the actions herein complained of.

112.    Defendants' acts and omissions constitute "torts committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C. §1350 and also customary international law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

113.    The acts and omissions constituting crimes against humanity caused Plaintiffs and the members of their class to suffer damages, including severe physical and mental pain and suffering, in amounts to be determined at trial.

114.    Defendants' acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

### Fifth Claim For Relief
### Extrajudicial Killings

115.  Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 114 of this Complaint as if fully set forth herein.

116.  The Plaintiffs' spouses and the members of their class were deliberately killed under the color of law by the Saddam Hussein regime without the authority of a previous judgment of a regularly constituted court and had not been afforded any of the judicial processes which are recognized as indispensable to civilized peoples.

117.  These killings were unlawful under international law.

118.  No adjudication occurred prior to the intentional killing of the Plaintiffs' spouses and the members of their class.

119.  The Defendant Australian Wheat Board aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through direct payments in violation of international law which had a substantial effect on the perpetration of the extrajudicial killings and the other actions herein complained of.

120.  The Defendant BNP Paribas aided and abetted the Saddam Hussein regime by providing knowing practical assistance and/or encouragement through offering and providing an escrow account where the funds were held, analyzed for compliance with the Security Counsel Resolution 986, and nevertheless disbursed to the Saddam Hussein Regime to be used in furtherance of the actions herein complained of.

121.  Defendants' acts and omissions constitute "torts committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C. §1350 and also customary international law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral

treaties and other international instruments, international and domestic judicial decisions, and other authorities.

122. The acts and omissions constituting crimes against humanity caused Plaintiffs and the members of their class to suffer damages, including severe physical and mental pain and suffering, in amounts to be determined at trial.

123. Defendants' acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

### Sixth Claim For Relief
### Forced Disappearances of Persons

124. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 123 as if fully set forth herein.

125. The Plaintiffs' spouses and the members of their class were arrested, detained or otherwise abducted by the Saddam Hussein regime.

126. The Saddam Hussein regime failed and refused to acknowledge that deprivation of freedom.

127. The Saddam Hussein regime failed and refused to give information on the fate or whereabouts of the Plaintiffs' spouses and the members of their class.

128. The Saddam Hussein regime had the intention of removing Plaintiffs' spouses and the members of their class from the protection of the law for a prolonged period of time. By example, Plaintiff, Saadya Mustafa did not learn that her spouse had been killed until 2003 when the lists of victims of the Saddam Hussein regime were released. Another example is Kafia Ismail's spouse who was held and tortured for over a year in prison.

129.    The Defendant Australian Wheat Board aided and abetted the Saddam Hussein regime by providing knowing practical assistance and/or encouragement through direct payments in violation of international law which had the substantial effect on the perpetration of the actions herein complained of.

130.    The Defendant BNP Paribas aided and abetted the Saddam Hussein regime by providing knowing practical assistance and/or encouragement through offering and providing an escrow account where the funds were held, analyzed for compliance with the Security Counsel Resolution 986, and disbursed to the Saddam Hussein Regime to be used in furtherance of the actions herein complained of.

131.    Defendants' acts and omissions constitute "torts committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C. §1350 and also customary international law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

132.    The acts and omissions constituting crimes against humanity caused Plaintiffs and the members of their class to suffer damages, including severe physical and mental pain and suffering, in amounts to be determined at trial.

133.    Defendants' acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

**Seventh Claim For Relief**
**Cruel, Inhuman, and/or Degrading Treatment and/or Punishment**

135.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 134 as if fully set forth herein.

136. The abuses committed against Plaintiffs and the members of their class described herein each separately constitute cruel, inhuman, degrading treatment or punishment. These acts include, but are not limited to the actions set forth in paragraph 116.

137. Defendants' acts also constitute torts committed in violation of the law of nations, and thus of the United States, as reflected in federal common law which incorporates cruel, inhuman, or degrading treatment or punishment, pursuant to 28 U.S.C. §§1331 and 1350. Thus, the conduct constitutes a violation of the law of nations and customary international law prohibiting Cruel, Inhuman, Degrading Treatment or Punishment as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions and other authorities. Cruel, inhuman, or degrading treatment or punishment is similarly reflected, expressed, defined and codified in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities, and is thus actionable.

138. The Defendant Australian Wheat Board aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through direct payments in violation of international law which had the substantial effect on the perpetration of the actions herein complained of.

139. The Defendant BNP Paribas aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through offering and providing an escrow account where the funds were held, analyzed for compliance with the Security Counsel Resolution 986, and nevertheless disbursed to the Saddam Hussein Regime to be used in furtherance of the actions herein complained of.

140. Defendants' acts and omissions constitute "torts committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C. §1350 and also customary international law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

141. Defendants' acts and omissions described herein caused Plaintiffs and the members of their class to suffer damages, including severe mental and emotional pain and suffering in an amount to be proven at trial.

142. Defendants' acts and omissions were deliberate, willful, intentional, wanton malicious and oppressive and should be punished by an award of punitive damages in an amount to be determined at trial.

### Eighth Claim For Relief
### Violations of the Torture Victims Protection Act of 1991 (TVPA)

143. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 142 as if fully set forth herein.

144. Plaintiffs' spouses and the members of their class were tortured by the persons under the control and authority of the Saddam regime. The persons who carried out the atrocities were acting under the color of law and/or with apparent or actual authority from the Saddam regime.

145. Plaintiffs' spouses and the members of their class were subject to extrajudicial killings by persons under the control of or who represented the Saddam regime.

146. The Plaintiffs' spouses and the members of their class were subject to violence directed against them in the custody and/or physical control of the Saddam regime, by which severe pain or suffering

147. The actions of the Saddam regime were intentionally inflicted on Plaintiffs' spouses and the members of their class for such purposes as obtaining from them or a third person information or a confession, punishing them for an act that individual or a third person has committed or is suspected of having committed, intimidating or coercing them or a third person, or for any reason based on discrimination of any kind.

148. The Plaintiffs' spouses and the members of their class suffered prolonged mental harm as a direct and proximate result of the intentional infliction and/or threatened infliction of severe physical pain or suffering, the administration or application, and/or threatened administration or application, of mind altering substances or other procedures calculated to disrupt profoundly the senses or the personality, the threat of imminent death, and/or the threat that another individual will imminently be subjected to death, severe physical pain or suffering, or the administration or application of mind altering substances or other procedures calculated to disrupt profoundly the senses or personality.

### Ninth Claim For Relief
### Wrongful Death
### N.Y. Estates, Powers and Trusts Laws §5-4.1 (McKinney 2007)

149. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 148 as if fully set forth herein.

150. Defendants owed a duty to the Plaintiffs and the members of their class to refrain from intentional and wantonly harmful or outrageous conduct. Defendants owed a duty to Decedents because they were foreseeable victims in the regular, routine, and continuous campaign by the Saddam Hussein regime against particular groups of civilians throughout Iraq.

151. Defendants owed a duty to the Plaintiffs and the members of their class to refrain from the support, aid, and financing of the Saddam Hussein regime through the Security Council

Resolution 986 which prohibited payment to the regime outside of the approved UN Oil-for-Food Program.

152. Defendants had a duty under their contractual obligation with the United Nations to avoid payments to the Saddam Hussein regime outside of the UN Oil-for-Food Program because such payments contributed to the furtherance of crimes against humanity and egregious human rights abuses that Saddam Hussein was committing openly, regularly, and notoriously against the Iraqi people.

153. Defendants also had a duty under customary international law, including but not limited to the torture convention and relevant international criminal statutes, which contribute to the body of the law of nations.

154. Defendants breached those duties by aiding and abetting, contributing, participating, and financing the attack on Erbil through the illegal payments made to the Saddam Hussein regime in direct violation of the Security Council Sanctions and UN Oil-For-Food Program.

155. As a direct and proximate cause of Defendants' breach of duty, Plaintiffs' spouses and the members of their class were killed. It was reasonably foreseeable that the support, contribution, and participation in the furtherance of the criminal campaign would result in such deaths.

156. Plaintiff Saadya Mustafa is the legal and personal representative of her deceased husband and brings this suit on behalf of her next of kin, Khalid Ahmed.

157. The Defendant Australian Wheat Board aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through direct payments in violation of international law which had the substantial effect on the perpetration of the actions herein complained of.

158. The Defendant BNP Paribas aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through offering and providing an escrow account where the funds were held, analyzed for compliance with the Security Counsel Resolution 986, and nevertheless disbursed to the Saddam Hussein Regime to be used in furtherance of the actions herein complained of.

159. Defendants' acts and omissions constitute "torts committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C. §1350 and also customary international law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

160. Defendants' acts and omissions described herein caused the Plaintiffs and the members of their class, to suffer damages, including pecuniary damages, in an amount to be proven at trial.

161. Defendants' acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

### Tenth Claim For Relief
### Negligence

162. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 161 as if fully set forth herein.

163. Defendants owed a duty to Plaintiffs and the members of their class because they were foreseeable victims of the support, contribution, aid, and participation of the furtherance of the murder and torture by the Saddam Hussein regime.

164. Furthermore, Defendants owed a duty to Plaintiffs and the members of their class to refrain from intentionally and wantonly harmful or outrageous conduct.

165. Defendants breached those duties by supporting, contributing to, aiding and abetting, and participating in the furtherance of the murder, torture, and other actions complained of herein of the Plaintiffs' spouses and the members of their class.

166. The Defendant Australian Wheat Board aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through direct payments in violation of international law which had the substantial effect on the perpetration of the actions herein complained of.

167. The Defendant BNP Paribas aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through offering and providing an escrow account where the funds were held, analyzed for compliance with the Security Counsel Resolution 986, and disbursed to the Saddam Hussein regime to be used in furtherance of the actions herein complained of.

168. Defendants' acts and omissions constitute "torts committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C. §1350 and also customary international law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

169. As a direct and proximate result of Defendants' negligence, Plaintiffs and the members of their class suffered serious damages. It was reasonably foreseeable that the support, contribution to, aid, and participation in the furtherance of the criminal campaign of the Saddam Hussein regime would cause this harm.

170. Beyond mere negligence, Defendants' acts were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in addition to compensatory damages, in respective amounts to be determined at trial.

**Eleventh Claim For Relief**
**Battery**

171. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 170 as if fully set forth herein.

172. Defendants, by purposefully and/or knowingly and/or intentionally supporting, contributing to, aiding and abetting, and participating in the furtherance of the murder, torture, and other action complained of herein of the Plaintiffs' spouses and the members of their class which constitute offensive and/or harmful contact Plaintiffs' spouses and the members of their class which constituted battery.

173. Defendants furthered the conduct that was intended to bring about this unlawful conduct.

174. The Defendant Australian Wheat Board aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through direct payments in violation of international law which had the substantial effect on the perpetration of the actions herein complained of.

175. The Defendant BNP Paribas aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through offering and providing an escrow account where the funds were held, analyzed for compliance with the Security Counsel Resolution 986, and nevertheless disbursed to the Saddam Hussein Regime to be used in furtherance of the actions herein complained of.

176. Defendants' acts and omissions constitute "torts committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C. §1350 and also customary international

law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

177.   As a direct and proximate result of Defendants' battery, Plaintiffs and the members of their class suffered serious damages. It was reasonably foreseeable that the actions complained of herein would cause this harm.

178.   Defendants' acts and omissions were deliberate, willful, intentional, wanton, malicious and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

### Twelfth Claim For Relief
### Intentional Infliction of Emotional Distress

179.   Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 178 as if fully set forth herein.

180.   The Defendants acted intentionally and/or recklessly in their actions to support, aid and abet the Saddam Hussein regime as it killed, tortured, and caused the disappearances of the Plaintiffs' spouses and the members of their class.

181.   The Defendants' conduct was extreme and outrageous in that they knowingly perpetuated the campaign of violence against the Plaintiffs, their spouses, and the members of their class.

182.   The Defendants made illegal payments which they knew were used to kill and torture individuals in order for the Saddam Hussein regime to maintain power.

183.   The Defendants' conduct was the direct and proximate cause of the emotional suffering of the Plaintiff and all individuals similarly situated. The Defendants intentionally violated laws of the UN Oil For Food Program which were created to protect the lives and human rights of the Iraqi people. The intentional violations were done to ensure increased profits in Iraq by and

through a strong Saddam Hussein regime. The entire scheme was based on maintaining the status quo, which included the Saddam Hussein regime exerting its power over the nation-state through killings, torture and the other actions herein complained of.

184. The Plaintiffs and the members of their class suffered severe emotional distress including but not limited to despair, depression, and extreme grief.

185. The Defendant Australian Wheat Board aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through direct payments in violation of international law which had the substantial effect on the perpetration of the actions herein complained of.

186. The Defendant BNP Paribas aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through offering and providing an escrow account where the funds were held, analyzed for compliance with the Security Counsel Resolution 986, and nevertheless disbursed to the Saddam Hussein regime to be used in furtherance of the actions herein complained of.

187. Defendants' acts and omissions constitute "torts committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C. §1350 and also customary international law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

188. The acts and omissions constituting crimes against humanity caused Plaintiffs and the members of their class to suffer damages, including severe physical and mental pain and suffering, in amounts to be determined at trial.

189.    Defendants' acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

### Thirteenth Claim For Relief
### Negligent Infliction of Emotional Distress

190.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 189 as if fully set forth herein.

191.    The Defendants' conduct was the direct and proximate cause of the emotional suffering of the Plaintiffs and the members of their class.  The Defendants intentionally violated laws of the UN Oil For Food Program which were created to protect the lives and human rights of the Iraqi people.  The intentional violations were done to ensure increased profits in Iraq by and through a strong Saddam Hussein regime.  The entire scheme was based on maintaining the status quo, which included the Saddam Hussein regime exerting its power over the Iraqi people, specifically the groups identified in paragraph 79 of the Complaint, through killings, torture and the other actions herein complained of.

192.    The emotional distress suffered by the Plaintiffs and the members of their class was the result of them being in the psychic-zone of danger.  The Defendants knew that their illegal payments were being used to murder individuals who had family and loved ones.  Their conduct was negligent as toward the families of the victims of killings, torture, and disappearances by the Saddam Hussein regime.

193.    The Plaintiffs and the members of their class suffered severe emotional distress including but not limited to despair, depression, and extreme grief.

194.    The Defendant Australian Wheat Board aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through direct payments in

violation of international law which had the substantial effect on the perpetration of the extrajudicial killings.

195. The Defendant BNP Paribas aided and abetted the Saddam Hussein regime by knowingly providing practical assistance and/or encouragement through offering and providing an escrow account where the funds were held, analyzed for compliance with the Security Counsel Resolution 986, and nevertheless disbursed to the Saddam Hussein regime to be used in furtherance of the Genocide.

196. Defendants' acts and omissions constitute "torts committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C. §1350 and also customary international law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

197. The acts and omissions constituting crimes against humanity caused Plaintiffs' and the members of their class to suffer damages, including severe physical and mental pain and suffering, in amounts to be determined at trial.

198. Defendants' acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and were also negligent should be punished by an award of punitive damages in an amount to be determined at trial.

    **WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

a)    For compensatory damages in an amount to be determined at trial;

b)    For certification of the class as defined herein;

c)    For punitive damages and exemplary damages in an amount to be determined at trial;

d)    For reasonable attorneys' fees and costs of suit;

e)  For a declaratory judgment that Defendants' conduct was in violation of the law of nations, the common law of New York, N.Y. Estates, Powers and Trusts Laws §5-4.1 (McKinney 2007), and/or Torture Victim Protection Act of 1991 (TVPA);

f)  For pre-judgment and post-judgment interest; and

g)  For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

A jury trial is endorsed herein.

Respectfully submitted,

*/s/ Mary S. Birkett*

MURRAY & MURRAY CO., L.P.A.
Mary S. Birkett
Direct Dial: (419) 626-7003
mso@murrayandmurray.com

OF COUNSEL:
MURRAY & MURRAY CO., L.P.A.
Dennis E. Murray Sr.
dennis@murrayandmurray.com
John T. Murray
Direct Dial: (419) 624-3125
jotm@murrayandmurray.com
Leslie O. Murray
Direct Dial: (419) 624-3010
leslie@murrayandmurray.com
111 East Shoreline Drive
Sandusky, Ohio 44871-0019
Facsimile:    (419) 624-0707

Attorneys for Plaintiffs