EXHIBIT 1

# Wheat Marketing Amendment Act 1997

# No. 194, 1997

# Wheat Marketing Amendment Act 1997

# No. 194, 1997

**An Act to amend the *Wheat Marketing Act 1989*, and for other purposes**

# Contents

**Part 1—Preliminary**                                              1
    1       Short title ...................................................................1
    2       Commencement ...........................................................1

**Part 2—Transitional provisions relating to the restructure of
the Australian Wheat Board**                                         3

**Division 1—Introduction**                                         3
    3       Simplified outline .........................................................3
    4       Definitions...................................................................4
    5       Crown to be bound.......................................................5
    6       External Territories......................................................5
    7       Extra-territorial operation ............................................5

**Division 2—Board to facilitate transfer of functions to
designated companies**                                              6
    8       Board to facilitate transfer of functions to designated
            companies.....................................................................6

**Division 3—Transfers from the Board to designated companies**      7

   **Subdivision A—Transfers of assets, contracts and liabilities**     7
    9       Transfer of assets.........................................................7
    10      Transfer of contractual rights and obligations................8
    11      Transfer of liabilities...................................................9

   **Subdivision B—Transfer of staff to nominated company A**           9
    12      Transfer of staff from the Board ...................................9
    13      Terms and conditions—transferred employees...............10
    14      Accrued benefits—transferred employees .....................10
    15      Continuity of service of transferred employees ..............11
    16      Termination payments—transferred employees ..............11
    17      Variation of terms and conditions—transferred employees.............11
    18      Mobility rights—transferred employees ........................11

**Division 4—Exemption from stamp duty**                            12
    19      Exemption from stamp duty .........................................12

**Division 5—Board to be treated as the agent of nominated
company A or nominated company B in connection
with pre-commencement transactions relating to
new season wheat**    13

20    Definitions ...............................................................................13
21    Pooling transactions..............................................................13
22    Borrowing transactions.........................................................14
23    Futures contracts, hedging contracts etc. .............................15
24    Investments...........................................................................15
25    Expenses...............................................................................16
26    Assumptions .........................................................................16

**Division 6—FOI and privacy matters**    17

27    Requests under the *Freedom of Information Act 1982*....................17
28    Complaints and investigations under the *Privacy Act 1988*.............18

**Division 7—Miscellaneous**    20

29    Transfers of land may be registered .....................................20
30    This Part does not modify registers kept by land registration
    officials................................................................................20
31    Legislative Instruments Act does not apply to this Part.................20
32    Transfer of pending proceedings ..........................................21
33    Operation of this Part does not place a person in breach of
    contract etc...........................................................................21
34    Transfer of records................................................................22
35    Designated company not to be an agency of the
    Commonwealth etc. ..............................................................22
36    Compensation—constitutional safety-net .............................22
37    Delegation.............................................................................23
38    Commonwealth records ........................................................23
39    This Part does not authorise the imposition of taxation ..................24
40    Regulations ...........................................................................24

**Part 3—Amendments**    25

41    Schedule(s) ...........................................................................25

**Schedule 1—Amendments**    26

**Part 1—Amendments commencing on Royal Assent**    26

*Primary Industries and Energy Research and Development Act 1989*    26

*Primary Industries Levies and Charges Collection Act 1991*    26

*Wheat Marketing Act 1989*   26

**Part 2—Amendments commencing on a day fixed by Proclamation**   42

*Wheat Marketing Act 1989*   42

**Part 3—Amendments commencing on 1 July 1999**   62

*Primary Industries and Energy Research and Development Act 1989*   62

*Primary Industries Levies and Charges Collection Act 1991*   62

*Wheat Industry Fund Levy Act 1989*   62

*Wheat Marketing Act 1989*   62

# Wheat Marketing Amendment Act 1997

**No. 194, 1997**

## An Act to amend the *Wheat Marketing Act 1989*, and for other purposes

*[Assented to 8 December 1997]*

## The Parliament of Australia enacts:

## Part 1—Preliminary

### 1  Short title

This Act may be cited as the *Wheat Marketing Amendment Act 1997*.

### 2  Commencement

(1) Subject to this section, this Act commences on the day on which it receives the Royal Assent.

(2) Subject to subsection (4), the following provisions commence on a day to be fixed by Proclamation:

    (a) Divisions 5 and 6 of Part 2;

    (b) Part 2 of Schedule 1.

**Part 1** Preliminary

Section 2

(3) If a provision referred to in subsection (2) does not commence under that subsection within the period of 6 months beginning on the day on which this Act receives the Royal Assent, it commences on the first day after the end of that period.

(4) If Schedule 2 to the *Audit (Transitional and Miscellaneous) Amendment Act 1997* does not commence before the commencement of Divisions 5 and 6 of Part 2 of this Act, the amendment of subsection 69(2) of the *Wheat Marketing Act 1989* made by this Act commences immediately after the commencement of Schedule 2 to the *Audit (Transitional and Miscellaneous) Amendment Act 1997*.

(5) Part 3 of Schedule 1 commences on 1 July 1999.

Transitional provisions relating to the restructure of the Australian Wheat Board  **Part 2**
Introduction  **Division 1**

Section 3

# Part 2—Transitional provisions relating to the restructure of the Australian Wheat Board

## Division 1—Introduction

### 3  Simplified outline

The following is a simplified outline of this Part (when read together with the amendments of the *Wheat Marketing Act 1989* made by this Act):

- The first step towards the new structure for the Australian Wheat Board will be the establishment of the following companies (the *designated companies*) to take over the commercial activities of the Board:

  (a)  a wholly-owned subsidiary of the Board (in this Part called *nominated company A*);

  (b)  a number of wholly-owned subsidiaries of nominated company A.

- This Part enables certain assets, contracts and liabilities to be transferred from the Board to the designated companies.

- This Part enables the transfer of staff from the Board to nominated company A.

- This Part also provides for ancillary matters in relation to the takeover by the designated companies of the commercial activities of the Board.

## Section 4

### 4  Definitions

In this Part, unless the contrary intention appears:

*asset* means:
- (a) any legal or equitable estate or interest in real or personal property, whether actual, contingent or prospective; and
- (b) any right, power, privilege or immunity, whether actual, contingent or prospective.

*Board* means the Australian Wheat Board.

*contract* includes:
- (a) a deed; and
- (b) a deed poll.

*designated company* has the same meaning as in the *Wheat Marketing Act 1989*.

*employee* includes apprentice.

*instrument* includes a document.

*land registration official*, in relation to land, means the Registrar of Titles or other proper officer of the State or Territory in which the land is situated.

*liability* means any liability, duty or obligation, whether actual, contingent or prospective.

*nominated company* has the same meaning as in the *Wheat Marketing Act 1989*.

*nominated company A* has the same meaning as in the *Wheat Marketing Act 1989*.

*nominated company B* has the same meaning as in the *Wheat Marketing Act 1989*.

Transitional provisions relating to the restructure of the Australian Wheat Board  **Part 2**
Introduction  **Division 1**

Section 5

*transfer time*, in relation to an employee, has the meaning given by section 12.

*transferred employee* means a person whose employment is transferred in accordance with a declaration under section 12.

*wholly-owned subsidiary* has the same meaning as in the *Wheat Marketing Act 1989.*

## 5  Crown to be bound

This Part binds the Crown in right of the Commonwealth, of each of the States, of the Australian Capital Territory, of the Northern Territory and of Norfolk Island.

## 6  External Territories

This Part extends to all the external Territories.

## 7  Extra-territorial operation

This Part extends to acts, omissions, matters and things outside Australia, whether or not in a foreign country.

**Part 2**  Transitional provisions relating to the restructure of the Australian Wheat Board
**Division 2**  Board to facilitate transfer of functions to designated companies

Section 8

## Division 2—Board to facilitate transfer of functions to designated companies

### 8  Board to facilitate transfer of functions to designated companies

The functions of the Board include:

(a)  facilitating the process by which the designated companies are to take over certain functions of the Board; and

(b)  assisting the designated companies, the Commonwealth and other persons in connection with:

(i)  the implementation of this Part; and

(ii)  preparatory work associated with the implementation of this Part.

Transitional provisions relating to the restructure of the Australian Wheat Board  **Part 2**
Transfers from the Board to designated companies  **Division 3**

Section 9

# Division 3—Transfers from the Board to designated companies

## Subdivision A—Transfers of assets, contracts and liabilities

### 9  Transfer of assets

(1) This section applies to an asset of the Board other than:

    (a) money in the Wheat Industry Fund; or

    (b) an investment of the Wheat Industry Fund; or

    (c) any other asset that was acquired using money in the Wheat Industry Fund.

(2) The Board may, by writing, make any or all of the following declarations:

    (a) a declaration that a specified asset vests in a specified designated company at a specified time without any conveyance, transfer or assignment;

    (b) a declaration that a specified instrument relating to a specified asset continues to have effect after the asset vests in a specified designated company as if a reference in the instrument to the Board were a reference to the company;

    (c) a declaration that a specified designated company becomes the Board's successor in law in relation to a specified asset immediately after the asset vests in the company.

    Note:    An asset or instrument may be specified by name, by inclusion in a specified class or in any other way.

(3) A declaration under subsection (2) has effect accordingly.

(4) A copy of a declaration under subsection (2) is to be published in the *Gazette* within 14 days after the making of the declaration.

(5) Subsection (2) does not prevent the Board from transferring an asset to a designated company otherwise than under that subsection.

Part 2  Transitional provisions relating to the restructure of the Australian Wheat Board
Division 3  Transfers from the Board to designated companies

Section 10
_____

## 10  Transfer of contractual rights and obligations

(1) This section applies to a contract (other than a contract of employment) to which the Board is a party.

(2) The Board may, by writing, declare that the Board's rights and obligations under a specified contract:

    (a) cease to be rights and obligations of the Board at a specified time; and

    (b) become rights and obligations of a specified designated company at that time.

(3) The Board may, by writing, declare that a specified contract continues to have effect after a specified time as if a reference in the contract to the Board were a reference to a specified designated company.

(4) The Board may, by writing, declare that a specified instrument relating to a specified contract continues to have effect, after the Board's rights and obligations under the contract become rights and obligations of a specified designated company, as if a reference in the instrument to the Board were a reference to the company.

(5) The Board may, by writing, declare that a specified designated company becomes the Board's successor in law, in relation to the Board's rights and obligations under a specified contract, immediately after the Board's rights and obligations under the contract become rights and obligations of the company.

(6) A declaration under this section has effect accordingly.

(7) A copy of a declaration under this section is to be published in the *Gazette* within 14 days after the making of the declaration.

(8) This section does not, by implication, limit section 9 or 11.

> Note:  A contract or instrument may be specified by name, by inclusion in a specified class or in any other way.

_____

Transitional provisions relating to the restructure of the Australian Wheat Board **Part 2**
Transfers from the Board to designated companies **Division 3**

Section 11

## 11 Transfer of liabilities

(1) This section applies to a liability of the Board.

(2) The Board may, by writing, make any or all of the following declarations:

    (a) a declaration that a specified liability ceases to be a liability of the Board and becomes a liability of a specified designated company at a specified time;

    (b) a declaration that a specified instrument relating to a specified liability continues to have effect after the liability becomes a liability of a specified designated company as if a reference in the instrument to the Board were a reference to the company;

    (c) a declaration that a specified designated company becomes the Board's successor in law in relation to a specified liability immediately after the liability becomes a liability of the company.

(3) A declaration under subsection (2) has effect accordingly.

(4) A copy of a declaration under subsection (2) is to be published in the *Gazette* within 14 days after the making of the declaration.

> Note:    A liability or instrument may be specified by name, by inclusion in a specified class or in any other way.

## Subdivision B—Transfer of staff to nominated company A

## 12 Transfer of staff from the Board

(1) This section applies to an employee of the Board.

(2) The Board may, by written instrument, declare that a specified employee:

    (a) ceases to be employed by the Board at a specified time (the employee's *transfer time*); and

**Part 2** Transitional provisions relating to the restructure of the Australian Wheat Board
**Division 3** Transfers from the Board to designated companies

Section 13

      (b) is taken to have been engaged by nominated company A as
         an employee of nominated company A at the employee's
         transfer time.

  (3) A declaration under this section has effect accordingly.

  (4) A copy of a declaration under subsection (2) is to be published in
     the *Gazette* within 14 days after the making of the declaration.

## 13  Terms and conditions—transferred employees

  (1) A person who is a transferred employee is taken to have been
     engaged by nominated company A on the same terms and
     conditions as those that applied to the person, immediately before
     the employee's transfer time, as an employee of the Board.

  (2) A reference in subsection (1) to ***terms and conditions*** is a
     reference to terms and conditions that are set out in:

      (a) a determination under subsection 44(2) of the *Wheat*
         *Marketing Act 1989*; or

      (b) an award (as defined by section 4 of the *Workplace Relations*
         *Act 1996*); or

      (c) a certified agreement (as defined by section 4 of the
         *Workplace Relations Act 1996*); or

      (d) an Australian Workplace Agreement (as defined by section 4
         of the *Workplace Relations Act 1996*); or

      (e) a certified agreement (as defined by section 4 of the
         *Industrial Relations Act 1988* as in force immediately before
         the commencement of Schedule 8 to the *Workplace Relations*
         *and Other Legislation Amendment Act 1996*) that continues
         to have effect because of Part 2 of that Schedule.

## 14  Accrued benefits—transferred employees

     A person who is a transferred employee is taken to have accrued an
     entitlement to benefits, in connection with the person's
     engagement by nominated company A, that is equivalent to the

Transitional provisions relating to the restructure of the Australian Wheat Board  **Part 2**
Transfers from the Board to designated companies  **Division 3**

Section 15

entitlement that the person had accrued, as an employee of the Board, immediately before the employee's transfer time.

## 15  Continuity of service of transferred employees

The service of a transferred employee as an employee of nominated company A is taken, for all purposes, to have been continuous with the service of the employee, immediately before the employee's transfer time, as an employee of the Board.

## 16  Termination payments—transferred employees

A transferred employee is not entitled to receive any payment or other benefit merely because he or she stopped being an employee of the Board as a result of this Part.

## 17  Variation of terms and conditions—transferred employees

(1) This Part does not prevent the terms and conditions of a transferred employee's employment after the employee's transfer time from being varied:

(a) in accordance with those terms and conditions; or

(b) by or under a law, award, determination or agreement.

(2) In this section:

*vary*, in relation to terms and conditions, includes:

(a) omitting any of those terms and conditions; or

(b) adding to those terms and conditions; or

(c) substituting new terms or conditions for any of those terms and conditions.

## 18  Mobility rights—transferred employees

For the purposes of the application of Part IV of the *Public Service Act 1922* in relation to a transferred employee, nominated company A is taken to be, after the employee's transfer time, a Commonwealth authority for the purposes of that Part.

Section 19

## Division 4—Exemption from stamp duty

### 19  Exemption from stamp duty

(1)  In this section:

*designated matter* means:

(a)  a transfer under section 9, 10 or 11; or

(b)  an agreement relating to a transfer covered by paragraph (a).

(2)  Stamp duty or other tax is not payable under a law of a State or Territory in respect of:

(a)  a designated matter; or

(b)  anything done (including a transaction entered into or an instrument or document made, executed, lodged or given) because of, or for a purpose connected with or arising out of, a designated matter.

Transitional provisions relating to the restructure of the Australian Wheat Board **Part 2**
Board to be treated as the agent of nominated company A or nominated company B in
connection with pre-commencement transactions relating to new season wheat **Division 5**

Section 20

## Division 5—Board to be treated as the agent of nominated company A or nominated company B in connection with pre-commencement transactions relating to new season wheat

### 20  Definitions

In this Division:

*borrowing* has the same meaning as in the *Wheat Marketing Act 1989*.

*new season wheat* has the same meaning as in the *Wheat Marketing Act 1989*.

*pool* has the same meaning as in the *Wheat Marketing Act 1989*.

*pool return wheat* means wheat bought by the Board before the commencement of this section for sale as part of a pool and on terms requiring payment for the wheat to be made according to Division 3 of Part 4 of the *Wheat Marketing Act 1989*.

### 21  Pooling transactions

(1) Anything done by or in relation to the Board under Division 2 or 3 of Part 4 of the *Wheat Marketing Act 1989* before the commencement of this section in connection with new season wheat has effect, and is taken at all relevant times to have had effect, as if it had been done by the Board in the capacity of agent of nominated company B.

(2) Any new season wheat bought by the Board before the commencement of this section for sale as part of a pool and on terms requiring payment for the wheat to be made according to Division 3 of Part 4 of the *Wheat Marketing Act 1989* is taken to

**Part 2** Transitional provisions relating to the restructure of the Australian Wheat Board
**Division 5** Board to be treated as the agent of nominated company A or nominated company B in connection with pre-commencement transactions relating to new season wheat

Section 22
_____

be, and at all relevant times to have been, new season wheat bought by the Board in the capacity of agent of nominated company B.

(3) Any contract entered into by the Board before the commencement of this section for the sale or disposal of pool return wheat, being new season wheat, bought by the Board has effect, and is taken at all relevant times to have had effect, as if it were entered into by the Board in the capacity of agent of nominated company B.

## 22  Borrowing transactions

(1) Any borrowing transaction entered into by the Board before the commencement of this section for any of the following purposes:

    (a) the making of advance payments for pool return wheat, being new season wheat;

    (b) the making of payments in lieu of final payments for such wheat;

    (c) the meeting of operational expenses incurred in connection with the sale or disposal of such wheat;

is taken to be, and at all relevant times to have been, a borrowing transaction entered into by the Board in the capacity of agent of nominated company A for the purpose of on-lending the money to nominated company B so that nominated company B can use the money for the first-mentioned purpose or purposes.

(2) If, under subsection (1), nominated company A is taken to have borrowed money for the purpose of on-lending the money to nominated company B:

    (a) the borrowing by nominated company A is taken to have been approved under subsection 77A(1) of the *Wheat Marketing Act 1989*; and

    (b) nominated company A is taken to have on-lent the money to nominated company B; and

    (c) the terms and conditions on which the money is taken to have been on-lent to nominated company B are taken to be the

_____

Transitional provisions relating to the restructure of the Australian Wheat Board **Part 2**

Board to be treated as the agent of nominated company A or nominated company B in
connection with pre-commencement transactions relating to new season wheat **Division 5**

terms and conditions set out in a written instrument made by
the Board for the purposes of this subsection.

## 23  Futures contracts, hedging contracts etc.

Any contract entered into or dealt with by the Board under
section 74 of the *Wheat Marketing Act 1989* before the
commencement of this section in connection with pool return
wheat, being new season wheat, has effect, and is taken at all
relevant times to have had effect, as if:

(a) in the case of a contract that relates to a borrowing
transaction covered by subsection 22(1)—the contract were
entered into or dealt with by the Board in the capacity of
agent of nominated company A; or

(b) in any other case—the contract were entered into or dealt
with by the Board in the capacity of agent of nominated
company B.

## 24  Investments

(1) Any investment made by the Board before the commencement of
this section using the proceeds of the sale or disposal of pool return
wheat, being new season wheat, bought by the Board has effect,
and is taken at all relevant times to have had effect, as if it were
made by the Board in the capacity of agent of nominated company
B.

(2) Any investment made by the Board before the commencement of
this section using money borrowed as mentioned in subsection
22(1) has effect, and is taken at all relevant times to have had
effect, as if it were made by the Board in the capacity of agent of
nominated company B using money on-lent to nominated company
B by nominated company A as mentioned in subsection 22(2).

**Part 2**  Transitional provisions relating to the restructure of the Australian Wheat Board
**Division 5**  Board to be treated as the agent of nominated company A or nominated company B in connection with pre-commencement transactions relating to new season wheat

Section 25

## 25  Expenses

(1)  Any operational expense incurred or paid by the Board before the commencement of this section in connection with the sale or disposal of pool return wheat, being new season wheat, has effect, and is taken at all relevant times to have had effect, as if it were incurred or paid by the Board in the capacity of agent of nominated company B.

(2)  Any borrowing expense incurred or paid by the Board before the commencement of this section in connection with a borrowing transaction covered by subsection 22(1) has effect, and is taken at all relevant times to have had effect, as if it were incurred or paid by the Board in the capacity of agent of nominated company A.

## 26  Assumptions

(1)  For the purposes of this Division, it is to be assumed that section 77A of the *Wheat Marketing Act 1989* had been in force at all relevant times before the commencement of this section.

(2)  For the purposes of this Division, it is to be assumed that nominated company B was in existence at all relevant times before the commencement of this section and had, as principal, all the functions and powers that the Board is taken to have performed or exercised as the company's agent.

(3)  For the purposes of this Division, it is to be assumed that nominated company A was in existence at all relevant times before the commencement of this section and had, as principal, all the functions and powers that the Board is taken to have performed or exercised as the company's agent.

Transitional provisions relating to the restructure of the Australian Wheat Board  **Part 2**
FOI and privacy matters  **Division 6**

Section 27

## Division 6—FOI and privacy matters

### 27  Requests under the *Freedom of Information Act 1982*

(1)  If:

    (a)  before the commencement of this section, a request was made under the *Freedom of Information Act 1982* for access to a document in the possession of the Board; and

    (b)  the document has been transferred to a designated company under this Part; and

    (c)  the request had not been finally disposed of under the *Freedom of Information Act 1982* immediately before the commencement of this section;

then:

    (d)  the request is taken to have been transferred to the designated company on the commencement of this section; and

    (e)  the *Freedom of Information Act 1982* has effect after the commencement of this section, in relation to the request, as if the designated company were an agency (within the meaning of that Act).

(2)  If:

    (a)  immediately before the commencement of this section, a person had a right to:

        (i)  apply under the *Administrative Appeals Tribunal Act 1975* (the **AAT Act**) for a review of a decision of the Board made under the *Freedom of Information Act 1982* in relation to a particular document, where possession of the document has been transferred from the Board to a designated company under this Part; or

        (ii)  request under the AAT Act a statement of reasons for such a decision; or

    (b)  before the commencement of this section, a person made such an application or request but it had not been finally

Section 28

disposed of under the AAT Act before the commencement of this section;

the AAT Act has effect after the commencement of this section, in relation to the right, application or request as if:

(c) the decision made by the Board had been made by the designated company; and

(d) the designated company had been in existence at all relevant times; and

(e) the designated company were substituted for the Board as a party to any relevant proceedings arising under that Act.

## 28  Complaints and investigations under the *Privacy Act 1988*

(1) This section applies to:

(a) a complaint if:

(i) the complaint could have been made to the Privacy Commissioner under the *Privacy Act 1988* before the commencement of this section in relation to an act or practice of the Board in connection with the performance of the Board's functions; and

(ii) corresponding functions are performed by a designated company after the commencement of this section; and

(iii) the complaint is made after the commencement of this section; or

(b) a complaint if:

(i) before the commencement of this section, the complaint was made to the Privacy Commissioner under the *Privacy Act 1988* in relation to an act or practice of the Board in connection with the performance of the Board's functions; and

(ii) corresponding functions are performed by a designated company after the commencement of this section; and

(iii) immediately before the commencement of this section, the Privacy Commissioner had not finally disposed of the matter in accordance with that Act; or

Transitional provisions relating to the restructure of the Australian Wheat Board  **Part 2**
FOI and privacy matters  **Division 6**

Section 28

  (c) an investigation if:

    (i) before the commencement of this section, the Privacy Commissioner commenced the investigation under the *Privacy Act 1988* in relation to an act or practice of the Board in connection with the performance of the Board's functions; and

    (ii) corresponding functions are performed by a designated company after the commencement of this section; and

    (iii) immediately before the commencement of this section, the Privacy Commissioner had not finally disposed of the matter in accordance with that Act.

 (2) The *Privacy Act 1988* has effect after the commencement of this section, in relation to the complaint or investigation, as if:

  (a) the act or practice of the Board had been an act or practice of the designated company; and

  (b) the designated company were an agency (within the meaning of that Act); and

  (c) the designated company had been in existence at the time when the act or practice occurred.

Section 29

## Division 7—Miscellaneous

### 29  Transfers of land may be registered

(1) This section applies if:

    (a) any right, title or interest in particular land vests in a designated company under section 9; and

    (b) there is lodged with a land registration official a certificate that:

        (i) is signed by the Chairperson of the Board; and

        (ii) identifies the land; and

        (iii) states that the right, title or interest has become vested in the company under section 9.

(2) The land registration official may:

    (a) register the matter in a way that is the same as, or similar to, the way in which dealings in land of that kind are registered; and

    (b) deal with, and give effect to, the certificate.

(3) A document that appears to be a certificate under subsection (1) is to be taken to be such a certificate, and to have been properly given, unless the contrary is established.

### 30  This Part does not modify registers kept by land registration officials

This Part, in so far as it provides for the interpretation of references in other instruments, does not modify any register kept by a land registration official under a law of a State or Territory.

### 31  Legislative Instruments Act does not apply to this Part

To avoid doubt, an instrument made under this Part (other than regulations under section 40) is not taken to be a legislative

Transitional provisions relating to the restructure of the Australian Wheat Board **Part 2**
Miscellaneous **Division 7**

Section 32

instrument for the purposes of the *Legislative Instruments Act 1997*.

## 32 Transfer of pending proceedings

(1) This section applies if, as a result of a declaration made by the Board under this Part, a person (the *successor*) becomes the successor in law of another person (the *original person*) at a particular time in relation to a particular asset, liability, right, benefit or obligation.

(2) If any proceedings to which the original person was a party:

    (a) were pending in any court or tribunal immediately before that time; and

    (b) related, in whole or in part, to the asset, liability, right, benefit or obligation, as the case may be;

then, unless the Board otherwise determines in writing in relation to the proceedings, the successor is, by force of this subsection, substituted for the original person as a party to the proceedings to the extent to which the proceedings relate to the asset, liability, right, benefit or obligation, as the case requires.

## 33 Operation of this Part does not place a person in breach of contract etc.

To avoid doubt, the operation of this Part is not to be regarded as:

    (a) placing a person in breach of contract or confidence; or

    (b) otherwise making a person guilty of a civil wrong; or

    (c) placing a person in breach of any contractual provision prohibiting, restricting or regulating:

        (i) the assignment or transfer of any asset, liability, right or obligation; or

        (ii) the disclosure of any information; or

    (d) releasing any surety from any of the surety's obligations in relation to a liability or obligation that is transferred under this Part.

**Part 2**  Transitional provisions relating to the restructure of the Australian Wheat Board
**Division 7**  Miscellaneous

---

Section 34

---

## 34  Transfer of records

(1) This section applies to a record of the Board.

(2) The Minister may direct the Board to transfer specified records to a specified designated company.

> Note:    A record may be specified by name, by inclusion in a specified class or in any other way.

(3) The Board must ensure that the direction is complied with.

(4) In this section:

*record* has the same meaning as in the *Archives Act 1983*.

## 35  Designated company not to be an agency of the Commonwealth etc.

(1) A designated company is not taken, for the purposes of a law, to be:

  (a) a Commonwealth authority; or

  (b) established for a public purpose or for a purpose of the Commonwealth; or

  (c) a public authority or an agency or instrumentality of the Crown;

(within the ordinary meaning of the expression concerned) unless a law expressly provides otherwise.

(2) In this section:

*law* means:

  (a) an Act of the Commonwealth or of a State or Territory; or

  (b) regulations or any other instrument made under such an Act.

## 36  Compensation—constitutional safety-net

(1) If:

---

Transitional provisions relating to the restructure of the Australian Wheat Board **Part 2**
Miscellaneous **Division 7**

Section 37

(a) apart from this section, the operation of this Part would result in the acquisition of property from a person otherwise than on just terms; and

(b) the acquisition would be invalid because of paragraph 51(xxxi) of the Constitution;

the Commonwealth is liable to pay compensation of a reasonable amount to the person in respect of the acquisition.

(2) If the Commonwealth and the person do not agree on the amount of the compensation, the person may institute proceedings in the Federal Court of Australia for the recovery from the Commonwealth of such reasonable amount of compensation as the court determines.

(3) In this section:

*acquisition of property* has the same meaning as in paragraph 51(xxxi) of the Constitution.

*just terms* has the same meaning as in paragraph 51(xxxi) of the Constitution.

## 37  Delegation

The Board may, by writing, delegate to:

(a) the Chairperson of the Board; or

(b) the Managing Director of the Board;

all or any of the functions and powers conferred on the Board by this Part.

## 38  Commonwealth records

(1) This Part does not authorise a Commonwealth record (within the meaning of the *Archives Act 1983*) to be transferred or otherwise dealt with except in accordance with the provisions of that Act.

(2) A Commonwealth record (within the meaning of the *Archives Act 1983*) must not be transferred to a person under this Part unless the

**Part 2**  Transitional provisions relating to the restructure of the Australian Wheat Board
**Division 7**  Miscellaneous

---

Section 39

---

Australian Archives has given permission under paragraph 24(2)(b) of the *Archives Act 1983*.

**39  This Part does not authorise the imposition of taxation**

This Part does not authorise the imposition of taxation within the meaning of section 55 of the Constitution.

**40  Regulations**

The Governor-General may make regulations prescribing matters:

(a)  required or permitted by this Part to be prescribed; or

(b)  necessary or convenient to be prescribed for carrying out or giving effect to this Part.

---

# Part 3—Amendments

### 41  Schedule(s)

Subject to section 2, each Act that is specified in a Schedule to this Act is amended or repealed as set out in the applicable items in the Schedule concerned, and any other item in a Schedule to this Act has effect according to its terms.

# Schedule 1—Amendments

## Part 1—Amendments commencing on Royal Assent

### *Primary Industries and Energy Research and Development Act 1989*

### 1 Subsection 4(1) (paragraph (a) of the definition of *research component*)

After "*Wheat Industry Fund Levy Act 1989*", insert "during a season (within the meaning of the *Wheat Marketing Act 1989*) that began before 1 July 1999".

### 2 At the end of subsection 5(4)

Add "during a season that began before 1 July 1999".

### 3 Subsection 5(5)

Before "is declared", insert "during a season that began before 1 July 1999".

### *Primary Industries Levies and Charges Collection Act 1991*

### 4 Subsection 27(2)

Omit "certificates", substitute "statements".

### *Wheat Marketing Act 1989*

### 5 Subsection 3(1)

Insert:

> *constitution*, in relation to a company, has the same meaning as in the Corporations Law.

### 6 Subsection 3(1)

Insert:

>    ***designated company*** means:
>
>    (a)  nominated company A; or
>
>    (b)  a wholly-owned subsidiary of nominated company A.

## 7  Subsection 3(1)

Insert:

>    ***new season wheat*** means wheat of a season that began on or after 1 July 1997.

## 8  Subsection 3(1)

Insert:

>    ***nominated company*** means:
>
>    (a)  nominated company A; or
>
>    (b)  nominated company B; or
>
>    (c)  nominated company C.

## 9  Subsection 3(1)

Insert:

>    ***nominated company A*** has the meaning given by section 55D.

## 10  Subsection 3(1)

Insert:

>    ***nominated company B*** has the meaning given by section 55F.

## 11  Subsection 3(1)

Insert:

>    ***nominated company C*** has the meaning given by section 55H.

## 12  Subsection 3(1)

Insert:

>    ***objects***, in relation to a company, has the same meaning as in the Corporations Law.

## 13  Subsection 3(1)

Insert:

*old season wheat* means wheat of a season that began before 1 July 1997.

## 14  Subsection 3(1)

Insert:

*wholly-owned subsidiary* has the meaning given by section 3A.

## 15  After section 3

Insert:

### 3A  Wholly-owned subsidiary

For the purposes of this Act, a body corporate (the *first body*) is a *wholly-owned subsidiary* of another body corporate (the *second body*) if, and only if:

   (a)  the first body has a share capital; and

   (b)  there is no share in the first body that is not beneficially owned by the second body.

## 16  After Part 3

Insert:

# Part 3A—Nominated companies and their subsidiaries

## Division 1—Simplified outline

### 55A  Simplified outline

The following is a simplified outline of this Part (when read together with related provisions of this Act):

- The first step towards the new structure for the Australian Wheat Board will be the establishment of the following companies (the *designated companies*) to take over the commercial activities of the Board:

  (a)   a wholly-owned subsidiary of the Board (in this Act called *nominated company A*);

  (b)   a number of wholly-owned subsidiaries of nominated company A.

- The main wholly-owned subsidiaries of nominated company A are in this Act called *nominated company B* and *nominated company C*.

- Nominated company A's role includes borrowing for the purposes of on-lending to other designated companies.

- Nominated company B's role is to conduct pooling and marketing of new season wheat.

- Nominated company C's role includes trading in wheat and other grains.

- The constitution of a nominated company must not be altered without the approval of the Minister.

- A person must not be appointed as a director of a designated company without the approval of the Minister.

- A designated company must not acquire certain securities or enter into certain joint business ventures without the approval of the Minister.

- State laws may confer powers or functions on designated companies.

## Division 2—Declaration of nominated companies

### 55B  Nominated company A to be declared as soon as practicable

The Board and the Minister must take all reasonable steps to ensure that, as soon as practicable after the commencement of this section, a company is declared under section 55D to be nominated company A.

### 55C  Formation of nominated company A

(1) The Board may, with the written permission of the Minister:

    (a) arrange for the formation of a company; or

    (b) acquire shares in a company that has not yet traded.

(2) The Minister must not give permission under subsection (1) in relation to a company unless:

    (a) the Minister proposes to declare the company to be nominated company A; and

    (b) the company is, or is to be, incorporated under the Corporations Law; and

    (c) the company has, or is to have, a share capital; and

    (d) the company is to be a wholly-owned subsidiary of the Board.

### 55D  Nominated company A

(1) The Minister may, by writing, declare that a specified company is *nominated company A* for the purposes of this Act.

(2) At the time of the making of the declaration, the company must:

    (a) be incorporated under the Corporations Law; and

    (b) have a share capital; and

    (c) be a wholly-owned subsidiary of the Board.

(3) The declaration has effect accordingly.

(4) A copy of the declaration is to be published in the *Gazette* within 14 days after the making of the declaration.

(5) If:

    (a) a declaration is in force under this section in relation to a company; and

    (b) the company:

        (i) ceases to be incorporated under the Corporations Law; or

        (ii) ceases to have a share capital; or

        (iii) ceases to be a wholly-owned subsidiary of the Board;

the declaration is taken to have been revoked at the time of the cessation.

## 55E  Nominated company B to be declared as soon as practicable

The Board, nominated company A and the Minister must take all reasonable steps to ensure that, as soon as practicable after the commencement of this section, a company is declared under section 55F to be nominated company B.

## 55F  Nominated company B

(1) The Minister may, by writing, declare that a specified company is **nominated company B** for the purposes of this Act.

(2) At the time of the making of the declaration, the company must:

    (a) be incorporated under the Corporations Law; and

    (b) have a share capital; and

    (c) be a wholly-owned subsidiary of nominated company A.

(3) The declaration has effect accordingly.

(4) A copy of the declaration is to be published in the *Gazette* within 14 days after the making of the declaration.

(5) If:

    (a) a declaration is in force under this section in relation to a company; and

    (b) the company:

        (i) ceases to be incorporated under the Corporations Law; or

    (ii) ceases to have a share capital; or

    (iii) ceases to be a wholly-owned subsidiary of nominated company A;

the declaration is taken to have been revoked at the time of the cessation.

## 55G  Nominated company C to be declared as soon as practicable

The Board, nominated company A and the Minister must take all reasonable steps to ensure that, as soon as practicable after the commencement of this section, a company is declared under section 55H to be nominated company C.

## 55H  Nominated company C

(1) The Minister may, by writing, declare that a specified company is **nominated company C** for the purposes of this Act.

(2) At the time of the making of the declaration, the company must:

    (a) be incorporated under the Corporations Law; and

    (b) have a share capital; and

    (c) be a wholly-owned subsidiary of nominated company A.

(3) The declaration has effect accordingly.

(4) A copy of the declaration is to be published in the *Gazette* within 14 days after the making of the declaration.

(5) If:

    (a) a declaration is in force under this section in relation to a company; and

    (b) the company:

        (i) ceases to be incorporated under the Corporations Law; or

        (ii) ceases to have a share capital; or

        (iii) ceases to be a wholly-owned subsidiary of nominated company A;

the declaration is taken to have been revoked at the time of the cessation.

## Division 3—Objects of nominated companies

### 55J  Objects of nominated company A

(1) The constitution of nominated company A must include the following as objects of the company:

    (a) to trade in wheat in the course of, or for the purposes of:

        (i) trade and commerce amongst the States; or

        (ii) trade and commerce between a State and a Territory or between Territories; or

        (iii) trade and commerce within a Territory;

    (b) to export grain other than wheat, and to trade in such grain, in the course of, or for the purposes of:

        (i) trade and commerce with foreign countries; or

        (ii) trade and commerce amongst the States; or

        (iii) trade and commerce between a State and a Territory or between Territories; or

        (iv) trade and commerce within a Territory;

    (c) to export grain products, and to trade in such products, in the course of, or for the purposes of:

        (i) trade and commerce with foreign countries; or

        (ii) trade and commerce amongst the States; or

        (iii) trade and commerce between a State and a Territory or between Territories; or

        (iv) trade and commerce within a Territory;

    (d) to engage in value adding activities for the purposes of:

        (i) trade and commerce with foreign countries; or

        (ii) trade and commerce amongst the States; or

        (iii) trade and commerce between a State and a Territory or between Territories; or

        (iv) trade and commerce within a Territory;

    (e) to promote, fund or undertake research into matters related to:

        (i) the marketing of grain; or

        (ii) value adding activities;

(f) to do anything incidental to or conducive to any of the above objects.

(2) Subsection (1) does not limit the objects that may be set out in the constitution of nominated company A.

(3) Subsection (1) does not, by implication, affect the powers and capacities of nominated company A under the Corporations Law.

> Note 1:    Nominated company A may perform functions conferred on it by other provisions of this Act.
>
> Note 2:    Nominated company A may perform functions conferred on it by State laws—see section 55T.

## 55K  Objects of nominated company B

(1) The constitution of nominated company B must set out the following as objects of the company:

   (a) to maximise the net returns to Australian wheat growers who sell pool return wheat to the company by securing, developing and maintaining markets for wheat and wheat products and by minimising costs as far as is practicable;

   (b) to export new season wheat from Australia;

   (c) to trade in new season wheat in the course of, or for the purposes of:

      (i) trade and commerce amongst the States; or

      (ii) trade and commerce between a State and a Territory or between Territories; or

      (iii) trade and commerce within a Territory;

   (d) to make arrangements for the growing of wheat for the purposes of:

      (i) trade and commerce with foreign countries; or

      (ii) trade and commerce amongst the States; or

      (iii) trade and commerce between a State and a Territory or between Territories; or

      (iv) trade and commerce within a Territory;

   (e) to promote or fund the marketing of wheat;

   (f) an object approved, in writing, by the Minister for the purposes of this paragraph;

    (g)  to do anything incidental to or conducive to any of the above objects.

(2)  The constitution of nominated company B must not set out any other objects.

(3)  Subsection (1) does not, by implication, affect the powers and capacities of nominated company B under the Corporations Law.

> Note 1:    Nominated company B may perform functions conferred on it by other provisions of this Act.

> Note 2:    Nominated company B may perform functions conferred on it by State laws—see section 55T.

## 55L  Objects of nominated company C

(1)  The constitution of nominated company C must include the following as objects of the company:

    (a)  to trade in wheat in the course of, or for the purposes of:

        (i)  trade and commerce amongst the States; or

        (ii)  trade and commerce between a State and a Territory or between Territories; or

        (iii)  trade and commerce within a Territory;

    (b)  to export grain other than wheat, and to trade in such grain, in the course of, or for the purposes of:

        (i)  trade and commerce with foreign countries; or

        (ii)  trade and commerce amongst the States; or

        (iii)  trade and commerce between a State and a Territory or between Territories; or

        (iv)  trade and commerce within a Territory;

    (c)  to export grain products, and to trade in such products, in the course of, or for the purposes of:

        (i)  trade and commerce with foreign countries; or

        (ii)  trade and commerce amongst the States; or

        (iii)  trade and commerce between a State and a Territory or between Territories; or

        (iv)  trade and commerce within a Territory;

    (d)  to promote, fund or undertake research into matters related to:

    (i) the marketing of grain; or

    (ii) value adding activities;

   (e) to do anything incidental to or conducive to any of the above objects.

(2) Subsection (1) does not limit the objects that may be set out in the constitution of nominated company C.

(3) Subsection (1) does not, by implication, affect the powers and capacities of nominated company C under the Corporations Law.

  Note: Nominated company C may perform functions conferred on it by State laws—see section 55T.

## Division 4—Miscellaneous

### 55M Subsidiaries of nominated company A may perform functions corresponding to nominated company A's objects

(1) Nominated company A may make an arrangement with a wholly-owned subsidiary of nominated company A (other than nominated company B) about the performance by the subsidiary of functions corresponding to one or more of nominated company A's objects.

(2) An arrangement may provide:

   (a) for nominated company A to make loans to the subsidiary; or

   (b) for nominated company A to guarantee loans made to the subsidiary; or

   (c) for the staff of nominated company A to be made available to the subsidiary.

(3) Subsection (2) does not limit subsection (1).

(4) An arrangement may relate to a particular object either generally or as otherwise provided by the arrangement.

(5) The making of an arrangement about an object does not prevent nominated company A from carrying out that object.

(6) Nominated company A is to have such wholly-owned subsidiaries as it considers necessary for the purposes of this section.

(7) This section does not, by implication, limit the powers of nominated company A to:

    (a) make loans to a wholly-owned subsidiary of nominated company A; or

    (b) guarantee loans made to a wholly-owned subsidiary of nominated company A; or

    (c) make staff of nominated company A available to a wholly-owned subsidiary of nominated company A.

## 55N Alterations of the constitution of a nominated company

An alteration of the constitution of a nominated company is of no effect unless the alteration is approved in writing by the Minister.

## 55P Appointment of directors

An appointment of a person as a director of a designated company has no effect unless the appointment is approved in writing by the Minister.

## 55Q Subsidiary companies etc.

A designated company must not, without the written permission of the Minister:

    (a) arrange for the formation of another company (other than a company that, on its formation, will be a wholly-owned subsidiary of the designated company); or

    (b) acquire, hold or dispose of shares or stock in the capital of another company (other than a company that is a wholly-owned subsidiary of the designated company); or

    (c) acquire, hold or dispose of debentures or other securities of another company (other than a company that is a wholly-owned subsidiary of the designated company); or

    (d) enter into a partnership, or arrange for the sharing of profits and losses, with an individual or with another company or body; or

(e) participate in a joint venture with an individual or with another company or body.

## 55R  Board to hold shares in nominated company A

The functions of the Board include subscribing for, acquiring and holding shares in nominated company A.

## 55S  Nominated company A to hold shares in nominated company B and nominated company C

Nominated company A may subscribe for, acquire and hold shares in nominated company B and nominated company C.

## 55T  Functions conferred by State laws

It is the intention of the Parliament that, if a State law confers a power or function on a designated company, the company may, with the written approval of the Minister, exercise that power or perform that function, as the case requires.

## 55U  Activities of designated companies

(1) Section 29 of the *Commonwealth Authorities and Companies Act 1997* does not apply to a designated company.

(2) The activities that may be carried on by a designated company are not limited by reference to the functions and powers conferred on the Board.

(3) In determining the range of activities that may be carried on by a designated company, it is to be assumed that all the shares in the company were beneficially owned by the Commonwealth instead of the Board or nominated company A, as the case may be.

## 55V  Nominated companies not to engage in trading activities before the function-transfer day

(1) Nominated company A must not, without the written permission of the Minister, engage in any activities before the commencement of

Part 2 of Schedule 1 to the *Wheat Marketing Amendment Act 1997*. However, this rule does not apply to activities engaged in by nominated company A:

(a) by way of the formation of a wholly-owned subsidiary of nominated company A; or

(b) by way of the acquisition of shares in a company that has not yet traded, where the company will, after the acquisition, be a wholly-owned subsidiary of nominated company A; or

(c) by way of subscribing for, acquiring or holding shares in a wholly-owned subsidiary of nominated company A.

(2) Nominated company B must not, without the written permission of the Minister, engage in any activities before the commencement of Part 2 of Schedule 1 to the *Wheat Marketing Amendment Act 1997*.

(3) Nominated company C must not, without the written permission of the Minister, engage in any activities before the commencement of Part 2 of Schedule 1 to the *Wheat Marketing Amendment Act 1997*.

(4) This section does not apply to an activity that, under Division 5 of Part 2 of the *Wheat Marketing Amendment Act 1997*, is taken to have been engaged in by the Board as the agent of nominated company A or nominated company B.

(5) For the purposes of this section, in determining the commencement of Part 2 of Schedule 1 to the *Wheat Marketing Amendment Act 1997*, the amendment of subsection 69(2) of this Act made by that Part is to be disregarded.

## 17  Section 79

Omit "the Board" (wherever occurring), substitute "an eligible AWB body".

## 18  At the end of section 79

Add:

(5) In this section:

*eligible AWB body* means:

(a) the Board; or

**Schedule 1** Amendments

**Part 1** Amendments commencing on Royal Assent

---

(b) nominated company B.

## 19   At the end of paragraphs 82(1)(a), (b), (ba) and (c)

Add "and".

## 20   After paragraph 82(1)(d)

Insert:

(da) to subscribe for, or to acquire, shares in:

(i) nominated company A; or

(ii) a company that is the subject of a permission under section 55C but is not yet the subject of a declaration under section 55D; and

## 21   Paragraph 94(3)(d)

Repeal the paragraph.

## 22   Paragraph 94(3)(f)

Omit "certificates", substitute "statements".

## 23   Paragraph 94(3)(g)

Repeal the paragraph, substitute:

(g) the transfer of equity in the Fund; and

## 24   At the end of section 94

Add:

(5) To avoid doubt, a person who, under the regulations, holds equity in the Fund does not have any beneficial interest in:

(a) money in the Fund; or

(b) an investment of the Fund; or

(c) any other asset acquired by the Board using money in the Fund.

## 25   Transitional—paragraphs 94(3)(f) and (g) of the *Wheat Marketing Act 1989*

---

(1)  Regulations made before the commencement of this item for the purposes of paragraph 94(3)(f) or (g) of the *Wheat Marketing Act 1989* are not invalid, and are taken never to have been invalid, on either of the following grounds:

   (a)  the ground that those regulations refer or referred to statements of equity instead of certificates of equity;

   (b)  the ground that those regulations refer or referred to transfers of equity in the Fund instead of transfers of certificates of equity in the Fund.

(2)  Regulations that were in force immediately before the commencement of this item for the purposes of paragraph 94(3)(f) or (g) of the *Wheat Marketing Act 1989* have effect after the commencement of this item as if they had been made for the purposes of the corresponding provision of that Act as amended by this Schedule.

## Part 2—Amendments commencing on a day fixed by Proclamation

### *Wheat Marketing Act 1989*

#### 26 Subsection 3(1) (definition of *borrowing*)

Omit "or a wholly owned subsidiary of the Board", substitute ", a wholly-owned subsidiary of the Board, or a wholly-owned subsidiary of nominated company A".

#### 27 Subsection 3(1) (definition of *Committee* or *Selection Committee*)

Repeal the definition.

#### 28 Subsection 3(1) (definition of *nominated member*)

Repeal the definition.

#### 29 Subsection 3(1)

Insert:

> *ordinary member* means a member referred to in paragraph 15(1)(d).

#### 30 Subsection 3(1) (definition of *pool return wheat*)

Repeal the definition, substitute:

> *pool return wheat* means:
>
> (a) old season wheat bought by the Board for sale as part of a pool and on terms requiring payment for the wheat to be made according to Division 3 of Part 4; or
>
> (b) new season wheat bought by nominated company B for sale as part of a pool and on terms requiring payment for the wheat to be made according to Division 3 of Part 4.

> Note:   Part 2 of the *Wheat Marketing Amendment Act 1997* provides for the Board to be the agent of nominated company B in connection with certain transactions relating to new season wheat. Paragraph (b) of this

definition covers new season wheat bought by the Board in its
capacity as agent of nominated company B.

## 31  Subsection 3(1) (definition of *Presiding Member*)

Repeal the definition.

## 32  Section 5

Repeal the section, substitute:

## 5  Objects of the Board

The objects of the Board are to maximise the net returns to
Australian wheat growers by using the Board's:

(a)  export control powers; and

(b)  function of holding shares in nominated company A;

to secure, develop and maintain export markets for wheat.

## 33  Subsections 6(1) and (2)

Repeal the subsections, substitute:

(1)  The functions of the Board are as follows:

(a)  to control the export of wheat from Australia;

(b)  to control the marketing overseas of Australian wheat;

(c)  to provide advice, and make recommendations, to the
Minister about matters related to the marketing of wheat;

(d)  such other functions as are conferred on the Board by this
Act or by any other law of the Commonwealth;

(e)  to do anything incidental to or conducive to the performance
of any of the above functions.

## 34  Subsection 6(4)

Omit "relating to the marketing of grain, or grain products, of any kind
or value adding activities".

## 35  Paragraphs 7(2)(a) to (l) (inclusive)

Repeal the paragraphs.

## 36  Paragraph 7(2)(m)

Re-letter as paragraph (a).

## 37 Paragraph 7(2)(m)

Add at the end "and".

## 38 Paragraph 7(2)(n)

Re-letter as paragraph (b).

## 39 Paragraph 7(2)(p)

Re-letter as paragraph (c).

## 40 Paragraph 7(2)(p)

Omit "Territory; and", substitute "Territory.".

## 41 Paragraph 7(2)(q)

Repeal the paragraph.

## 42 Subsection 7(3)

Repeal the subsection.

## 43 Subsections 7(10) and (11)

Repeal the subsections.

## 44 Paragraph 12(1)(a)

Omit "of a Selection Committee or".

## 45 Subsection 13(2)

Repeal the subsection.

## 46 After subsection 13(6)

Insert:

(6A) For the purposes of the application of subsection (6) to an agreement or arrangement entered into before the commencement of this subsection, it is to be assumed that the Board had retained the objects and functions that the Board had immediately before the agreement or arrangement was entered into.

## 47 Paragraph 15(1)(b)

Omit "if an appointment has effect under section 45,".

## 48 Paragraph 15(1)(d)

Repeal the paragraph, substitute:

(d) not more than 8 ordinary members.

## 49 Subsection 15(3)

Repeal the subsection.

## 50 Subsection 15(4)

Repeal the subsection.

## 51 Subsection 15(5)

Omit "government member and the nominated members", substitute "Chairperson, the government member and the ordinary members".

## 52 Subsection 15(12)

Repeal the subsection.

## 53 After section 15

Insert:

### 15A  Appointment of ordinary members

(1) The Minister must not appoint a person as an ordinary member unless, in the opinion of the Minister, the person has expertise in one or more of the following fields:

(a) the production, marketing or processing of grain;

(b) the production or marketing of other products;

(c) business management;

(d) product promotion;

(e) finance.

(2) In appointing persons as ordinary members, the Minister must endeavour to ensure, as far as practicable, that there is among the

ordinary members a balance of skills in the areas of production, marketing and finance.

(3) Before appointing a person as an ordinary member, the Minister must consult the President of the Grains Council in relation to the appointment.

## 54 Subsection 17(1)

Omit ", but is eligible for re-appointment".

## 55 Subsection 17(3)

Repeal the subsection.

## 56 Subsection 17(4)

Repeal the subsection.

## 57 Paragraph 20(2)(c)

Repeal the paragraph.

## 58 Subsection 26(1)

Repeal the subsection, substitute:

(1) The affairs of the Board are, to the extent determined by the Board, to be managed by the Managing Director.

## 59 Subsections 26(2) and (3)

Repeal the subsections.

## 60 Section 26A

Omit "A Chairperson appointed in an executive capacity or the", substitute "The".

Note:    The heading to section 26A of the *Wheat Marketing Act 1989* is replaced by the heading "**Delegation by Managing Director**".

## 61 Division 3 of Part 2

Repeal the Division.

## 62 Subsection 44(3)

Repeal the subsection.

### 63 Subsection 44(4)

Omit "When the Chairperson is not holding office in an executive capacity, a", substitute "A".

### 64 Subsection 45(1)

Omit "At any time when the Chairperson is not appointed in an executive capacity, there", substitute "There".

### 65 Subsections 45(3) and (4)

Repeal the subsections.

### 66 Subsection 46(2)

Omit "Subject to subsection (4), an", substitute "An".

### 67 Subsection 46(3)

Omit "Subject to subsection (4), the", substitute "The".

### 68 Subsection 46(4)

Repeal the subsection.

### 69 At the end of paragraph 49(4)(a)

Add "and".

### 70 At the end of paragraph 49(4)(b)

Add "and".

### 71 Paragraph 49(4)(d)

Omit "section 47.", substitute "section 47; and".

### 72 At the end of subsection 49(4)

Add:

    (e) define what the Board thinks should be the principal objectives of each designated company during the period to which the plan relates; and

(f) give a broad outline of the strategies that the Board thinks should be pursued by each of the designated companies during that period for achieving those objectives.

## 73 Paragraph 54(2)(b)

Omit "section 47.", substitute "section 47; and".

## 74 At the end of subsection 54(2)

Add:

(c) set out particulars of the action that the Board intends to take in order to ensure that each designated company gives effect to or furthers, during the period to which the plan relates, the relevant objectives set out in the corporate plan applicable to the period and to the company as mentioned in paragraph 49(4)(e).

## 75 After Division 1 of Part 4

Insert:

# Division 1A—Division of responsibility between the Board and nominated company B for the performance of functions under Divisions 2 and 3

### 57A Division of responsibility between the Board and nominated company B for the performance of functions under Divisions 2 and 3

(1) For the purposes of the application of Divisions 2 and 3 to old season wheat, a reference in those Divisions to the *designated authority* is a reference to the Board.

(2) For the purposes of the application of Divisions 2 and 3 to new season wheat, a reference in those Divisions to the *designated authority* is a reference to nominated company B.

## 76 Division 2 of Part 4 (heading)

Repeal the heading, substitute:

## Division 2—Purchase of wheat

### 77  Section 58

Omit "Board" (wherever occurring), substitute "designated authority".

### 78  Section 59

Omit "Board" (wherever occurring), substitute "designated authority".

### 79  Subsection 59(1)

Omit "or other grain".

### 80  Section 60

Omit "Board" (wherever occurring), substitute "designated authority".

### 81  Section 61

Omit "Board" (wherever occurring), substitute "designated authority".

### 82  Section 62

Omit "Board" (wherever occurring), substitute "designated authority".

### 83  Section 63

Omit "Board" (wherever occurring), substitute "designated authority".

### 84  Section 64

Omit "Board" (wherever occurring), substitute "designated authority".

### 85  Section 65

Omit "Board" (wherever occurring), substitute "designated authority".

### 86  Section 65A

Omit "Board" (wherever occurring), substitute "designated authority".

### 87  Section 66

Omit "Board" (wherever occurring), substitute "designated authority".

### 88  After section 66

**Schedule 1** Amendments

**Part 2** Amendments commencing on a day fixed by Proclamation

Insert:

## 66A  Designated authority to provide breakdown of charges

(1) When accounting to a grower for a payment due in respect of pool return wheat, the designated authority must, if practicable, specify separately charges made by the designated authority for each of the following:

    (a) storage;

    (b) handling;

    (c) transport, whether by land or sea;

    (d) provision of port services.

(2) Subsection (1) does not apply if compliance with it would subject the designated authority to significant additional costs.

## 89  Section 67

Repeal the section, substitute:

## 67  Accounting for dealings in wheat etc.

(1) The Board and nominated company B must keep their accounting records relating to dealings in wheat in a way that will, in the Board's opinion, or nominated company B's opinion, as the case may be, attribute costs and revenues to wheat of different seasons and pools in an equitable manner.

(2) Costs and revenues so attributed to wheat of a season or forming part of a pool are to be regarded as relating to wheat of that season or wheat forming part of that pool, as the case may be.

(3) The Board must keep separate accounting records relating to money of the Fund.

(4) This section has effect despite anything in the *Commonwealth Authorities and Companies Act 1997*.

## 90  At the end of paragraphs 69(a) and (b)

Add "and".

## 91 Paragraph 69(c)

Repeal the paragraph.

## 92 Subsection 69(2)

Omit all the words after "investment of", substitute "money of the Board under section 70.".

## 93 Section 70

Repeal the section, substitute:

## 70 Investment

(1) Money of the Board (other than pool funds) not immediately required for the purposes of the Board may be invested:

    (a) on deposit with a bank; or

    (b) in securities of the Commonwealth or of a State or Territory; or

    (c) in securities guaranteed by the Commonwealth, a State or a Territory; or

    (d) in any other manner that is consistent with sound commercial practice.

(2) Pool funds of the Board that are not immediately required for the purposes of the Board may be invested:

    (a) on deposit with a bank; or

    (b) in securities of the Commonwealth or of a State or Territory; or

    (c) in securities guaranteed by the Commonwealth, a State or a Territory; or

    (d) in any other manner approved by the Treasurer.

(3) Pool funds of nominated company B that are not immediately required for the purposes of nominated company B may be invested:

    (a) on deposit with a bank; or

    (b) in securities of the Commonwealth or of a State or Territory; or

(c)  in securities guaranteed by the Commonwealth, a State or a Territory; or

(d)  in any other manner approved by the Treasurer.

(4)  This section has effect despite anything in the *Commonwealth Authorities and Companies Act 1997*.

(5)  In this section:

*bank* means a person who carries on the business of banking, either in Australia or outside Australia.

*pool funds*:

(a)  in relation to the Board—means:

(i)  funds earned by the Board from the sale or disposal of pool return wheat; or

(ii)  funds obtained by the Board under a borrowing to which subsection 78(1) applies; or

(b)  in relation to nominated company B—means:

(i)  funds earned by nominated company B from the sale or disposal of pool return wheat; or

(ii)  funds on-lent to nominated company B as mentioned in subsection 77A(1).

## 94  Subsection 71(1)

Omit "or a wholly owned subsidiary of the Board,", substitute "a wholly-owned subsidiary of the Board, or a wholly-owned subsidiary of nominated company A,".

## 95  At the end of section 71

Add:

(4)  In the case of a borrowing by nominated company A, terms and conditions under subsection (1) may require nominated company A to:

(a)  on-lend the money to a wholly-owned subsidiary of nominated company A; or

(b)  otherwise use the money to finance the activities of a wholly-owned subsidiary of nominated company A.

(5)  Subsection (4) does not limit subsection (1).

## 96  Section 71A

Repeal the section.

## 97  Subsection 71B(2)

After "Board", insert "(other than a nominated company)".

## 98  At the end of section 71B

Add:

(3)  A designated company must not borrow money except under section 71 or 77A.

## 99  Section 71C

Repeal the section, substitute:

### 71C  Security for borrowings

(1)  The Board may give security over the whole or part of its assets for the performance by the Board of any obligation incurred under section 71.

(2)  A wholly-owned subsidiary of the Board may give security over the whole or part of the subsidiary's assets for the performance by the subsidiary of any obligation incurred under section 71.

(3)  A wholly-owned subsidiary of nominated company A may give security over the whole or part of the subsidiary's assets for the performance by the subsidiary of any obligation incurred under section 71.

## 100  Paragraph 74(6)(a)

Repeal the paragraph, substitute:

(a)  references to the Board include references to:

(i)  a wholly-owned subsidiary of the Board; and

(ii)  a wholly-owned subsidiary of nominated company A; and

**Schedule 1** Amendments
**Part 2** Amendments commencing on a day fixed by Proclamation

## 101  Section 75

Repeal the section.

## 102  After subsection 77(2)

Insert:

(2AA)  An approval may be given unconditionally or subject to such terms and conditions as are specified in the approval.

Note:     The heading to section 77 of the *Wheat Marketing Act 1989* is replaced by the heading
**"Borrowings by the Board to fund advance payments etc."**.

## 103  After section 77

Insert:

### 77A  Borrowings by nominated company A—borrowed money to be on-lent to nominated company B to fund advance payments etc.

(1)  If the Minister approves, nominated company A may borrow money for the purpose of on-lending the money to nominated company B so that nominated company B can use the money for any of the following purposes:

   (a)  the making of advance payments for pool return wheat;

   (b)  the making of payments in lieu of final payments for such wheat;

   (c)  the meeting of operational expenses incurred by nominated company B in connection with the sale or disposal of such wheat.

(2)  Nominated company A must not use money borrowed under subsection (1) otherwise than for on-lending the money as mentioned in that subsection.

(3)  Nominated company B must not use money on-lent to it as mentioned in subsection (1) otherwise than for a purpose mentioned in that subsection. This subsection does not prevent the investment of the money in accordance with section 70.

(4) An approval under subsection (1) may be given unconditionally or subject to such terms and conditions as are specified in the approval.

(5) An approval under subsection (1) may be given in relation to a particular transaction or a class of transactions.

(6) Money may be borrowed under subsection (1) wholly or partly in foreign currency.

(7) This section does not limit section 71.

## 104  Subsection 78(1)

After "subsection 77(1)", insert "or 77A(1)".

## 105  Subsection 78(1)

After "Board's liability", insert "or nominated company A's liability".

## 106  Subsection 78(1)

After "Board" (second and third occurring), insert "or to nominated company A, as the case may be,".

## 107  Subsection 78(1A)

After "Board", insert "or nominated company A".

## 108  Subsection 78(3)

Omit "subsection (1)", substitute "the application of subsection (1) to the Board".

## 109  After subsection 78(3)

Insert:

(3A) For the purposes of the application of subsection (1) to nominated company A, if nominated company A:

    (a)  borrows money under subsection 77A(1); and

    (b)  on-lends that money to nominated company B;

a particular amount is taken not to be money available to nominated company A for the discharging of the liability to repay the first-mentioned borrowing unless:

      (c) the amount consists of the repayment by nominated company B of the money on-lent to it; or

      (d) the amount consists of interest paid by nominated company B in respect of the money on-lent to it.

## 110 Subsection 78(4)

After "Board", insert "or nominated company B".

## 111 Paragraph 78(11)(b)

Before "interest", insert "in the case of old season wheat—".

## 112 Paragraph 78(11)(b)

Omit "Board.", substitute "Board; and".

## 113 At the end of subsection 78(11)

Add:

      (c) in the case of new season wheat—interest earned from the investment by nominated company B of pool funds (within the meaning of section 70).

## 114 Paragraph 78(12)(a)

After "Board", insert "or nominated company B".

## 115 At the end of subsection 78(15)

Add ", or other borrowings of nominated company A under section 77A, as the case requires".

## 116 After subsection 79(4)

Insert:

    (4A) Stamp duty or other tax is not payable by a nominated company under a law of a State or Territory in respect of a security held by nominated company A over the assets of nominated company B.

## 117 At the end of paragraph 81(a)

Add "and".

## 118  At the end of paragraph 81(b)

Add "and".

## 119  After paragraph 81(b)

Insert:

(ba)  dividends paid to the Board by nominated company A; and

(bb)  amounts paid to the Board by nominated company A by way of return of capital; and

(bc)  interest paid to the Board by a designated company in respect of a loan made by the Board using money in the Fund; and

(bd)  amounts paid to the Board by a designated company by way of the repayment of a loan made by the Board using money in the Fund; and

## 120  Paragraphs 82(1)(a), (b) and (ba)

Repeal the paragraphs, substitute:

(a)  to make loans to a designated company; and

(b)  for any purpose in connection with a guarantee given by the Board in relation to a loan made to a designated company; and

## 121  Subsection 82(2) (definition of *aggregate estimated net pool return* and *appropriate percentage*)

Repeal the definition.

## 122  At the end of section 84

Add:

(2)  For the purpose of this Part, if a particular penalty relates to levy imposed by the *Wheat Industry Fund Levy Act 1989* during a particular season, the penalty is taken to be imposed during that season.

## 123  Before subsection 85(1)

Insert:

(1A)  This section applies to a season that began before 1 July 1999.

## 124 Before subsection 86(1)

Insert:

(1A) This section applies to levy imposed during a season that began before 1 July 1999.

## 125 After paragraph 89(3)(a)

Insert:

 (aa) particulars of the operations of each designated company during the year;

## 126 Subparagraph 89(3)(b)(iv)

After "companies" (wherever occurring), insert "(other than a designated company)".

## 127 Subsection 90(1)

After "Board" (first occurring), insert "or nominated company B".

## 128 Subsection 90(1)

After "Board" (second and third occurring), insert "or nominated company B, as the case may be,".

## 129 Subsection 90(2)

After "Board" (wherever occurring), insert "or nominated company B".

## 130 Transitional—pre-commencement agreements and arrangements etc.

In determining, after the commencement of this item, the validity of an agreement, arrangement or transaction entered into by the Board before the commencement of this item, it is to be assumed that the Board had retained the objects and functions that the Board had immediately before the agreement, arrangement or transaction was entered into.

## 131 Transitional—sections 6 and 7 of the *Wheat Marketing Act 1989*

Despite the amendments of sections 6 and 7 of the *Wheat Marketing Act 1989* made by this Schedule, those sections continue to apply, after the commencement of this item, in relation to the Board's functions in connection with old season wheat, as if those amendments had not been made.

## 132 Transitional—section 13 of the *Wheat Marketing Act 1989*

Neither section 29 of the *Commonwealth Authorities and Companies Act 1997* nor the amendments of sections 5 and 6 of the *Wheat Marketing Act 1989* made by this Schedule have the effect of requiring the Board:

(a) to dispose of any shares, debentures, securities, interests or other assets that were acquired under section 13 of the *Wheat Marketing Act 1989* before the commencement of this item; or

(b) to terminate an agreement or arrangement that was entered into under that section before the commencement of this item.

## 133 Transitional—nominated members holding office under the *Wheat Marketing Act 1989*

(1) This item applies to a person who held office as a nominated member under the *Wheat Marketing Act 1989* immediately before the commencement of this item because of a particular instrument of appointment (the ***original instrument of appointment***).

(2) The *Wheat Marketing Act 1989* has effect as if:

(a) the Minister had, by instrument (the ***notional instrument of appointment***), appointed the person to an office of ordinary member under paragraph 15(1)(d) of that Act immediately after the commencement of this item; and

(b) the period of appointment specified in the notional instrument of appointment were the period:

(i) beginning immediately after the commencement of this item; and

(ii) ending at the end of the period specified in the person's original instrument of appointment.

**Schedule 1** Amendments

**Part 2** Amendments commencing on a day fixed by Proclamation

---

(3)   Section 15A of the *Wheat Marketing Act 1989* does not apply to an appointment that is taken to have been made under subitem (2).

## 134  Transitional—subsections 67(1), (2), (6) and (7) of the *Wheat Marketing Act 1989*

If this item commences before the commencement of Schedule 2 to the *Audit (Transitional and Miscellaneous) Amendment Act 1997*, then, despite the repeal of subsections 67(1), (2), (6) and (7) of the *Wheat Marketing Act 1989* by this Schedule, those subsections continue to apply during the period:

(a)   beginning at the commencement of this item; and

(b)   ending immediately before the commencement of Schedule 2 to the *Audit (Transitional and Miscellaneous) Amendment Act 1997*;

as if those repeals had not been made.

## 135  Transitional—sections 67, 69 and 70 of the *Wheat Marketing Act 1989*

The amendments of sections 67, 69 and 70 of the *Wheat Marketing Act 1989* made by Schedule 2 to the *Audit (Transitional and Miscellaneous) Amendment Act 1997* have no effect if this item commences before the commencement of Schedule 2 to that Act.

## 136  Transitional—paragraphs 69(a), (b) and (c) of the *Wheat Marketing Act 1989*

If Schedule 2 to the *Audit (Transitional and Miscellaneous) Amendment Act 1997* commences before the commencement of this item, this Schedule has effect as if a reference in this Schedule to paragraph 69(a), (b) or (c) of the *Wheat Marketing Act 1989* were a reference to paragraph 69(1)(a), (b) or (c), respectively, of that Act.

## 137  Transitional—sections 71A and 71C of the *Wheat Marketing Act 1989*

(1)   This item applies to a guarantee in force under section 71A of the *Wheat Marketing Act 1989* immediately before the commencement of this item.

---

(2)    Despite the repeals of sections 71A and 71C of the *Wheat Marketing Act 1989* made by this Schedule, those sections continue to apply, after the commencement of this item, in relation to the guarantee, as if those repeals had not been made.

## Part 3—Amendments commencing on 1 July 1999

### Primary Industries and Energy Research and Development Act 1989

#### 138  Subsection 4(1) (paragraph (a) of the definition of *research component*)

Omit "*Wheat Industry Fund Levy Act 1989*", substitute "*Wheat Levy Act 1989*".

#### 139  Subsections 5(4) and (5)

Omit "*Wheat Industry Fund Levy Act 1989*", substitute "*Wheat Levy Act 1989*".

### Primary Industries Levies and Charges Collection Act 1991

#### 140  Schedule 2

Omit "*Wheat Industry Fund Levy Act 1989*", substitute "*Wheat Levy Act 1989*".

### Wheat Industry Fund Levy Act 1989

#### 141  Section 1

Omit "*Wheat Industry Fund Levy Act 1989*", substitute "*Wheat Levy Act 1989*".

### Wheat Marketing Act 1989

#### 142  Subsection 84(1) (definition of *levy*)

Omit "*Wheat Industry Fund Levy Act 1989*", substitute "*Wheat Levy Act 1989*".

#### 143  Subsection 84(1) (definition of *value*)

Omit "*Wheat Industry Fund Levy Act 1989*", substitute "*Wheat Levy Act 1989*".

### 144  Subsection 84(2)

Omit "*Wheat Industry Fund Levy Act 1989*", substitute "*Wheat Levy Act 1989*".

[*Minister's second reading speech made in the House of Representatives on 26 June 1997 Senate on 28 October 1997*]

(88/97)