# EXHIBIT 3

# Primary Industries and Energy

## DECLARATIONS UNDER SECTIONS 9, 10 AND 11 OF THE WHEAT MARKETING AMENDMENT ACT 1997

1. The Australian Wheat Board (the "**Board**") makes the following declarations:

**Section 9**

(a) Each of the assets of the Board specified in Column 1 of Schedule 1 vests in the designated company specified in Column 3 of Schedule 1 at the transfer time without any conveyance, transfer or assignment.

(b) Each of the instruments specified in Column 2 of Schedule 1 relating to an asset specified in Column 1 of Schedule 1 continues to have effect after the asset vests in the designated company specified in Column 3 of Schedule 1 set out opposite that instrument as if a reference in the instrument to the Board were a reference to that company.

(c) The designated company specified in Column 3 of Schedule 1 becomes the Board's successor in law in relation to each asset specified in Column 1 of Schedule 1 set out opposite its name immediately after the asset vests in that company.

**Section 11**

(a) Each of the liabilities specified in Column 1 of Schedule 2 ceases to be a liability of the Board and becomes at the transfer time a liability of the designated company specified in Column 3 of Schedule 2 set out opposite that liability.

(b) Each of the instruments specified in Column 2 of Schedule 2 relating to a liability specified in Column 1 of Schedule 2 continues to have effect after the liability becomes a liability of the designated company specified in Column 3 of Schedule 2 set out opposite that instrument as if a reference in the instrument to the Board were a reference to that company.

(c) The designated company specified in Column 3 of Schedule 2 becomes the successor in law in relation to each liability specified in Column 1 of Schedule 2 set out opposite its name immediately after the liability vests in that company.

**Section 10**

(a) The Board's rights and obligations under each contract specified in Column 1 of Schedule 3:

   (i) cease to be rights and obligations of the Board at the transfer time; and

   (ii) become at the transfer time rights and obligations of the designated company specified in Column 3 of Schedule 3 set out opposite that contract.

(b). Each of the contracts specified in Column 1 of Schedule 3 continues to have effect after the transfer time as if a reference in the contract to the Board were a reference to the designated company specified in Column 3 of Schedule 3 set out opposite that contract.

(c) Each of the instruments specified in Column 2 of Schedule 3 relating to a contract specified in Column 1 of Schedule 3 set out opposite that instrument continues to have effect, after the Board's rights and obligations under the contract become rights and obligations of the designated company specified in Column 3 of Schedule 3 set out opposite that instrument as if a reference in the instrument to the Board were a reference to that company.

(d) The designated company specified in Column 3 of Schedule 3 becomes the Board's successor in law in relation to the Board's rights and obligations under each contract specified in Column 1 of Schedule 3 set out opposite its name immediately after the Board's rights and obligations under the contract become rights and obligations of that company.

Nothing in these declarations transfer or otherwise affect any asset or liability or any rights or obligations under any contract or instrument relating to a contract ("**Excluded Matters**") which:

(a) is an asset of the Board being:

   (i) money in the Wheat Industry Fund;

   (ii) an investment of the Wheat Industry Fund;

   (iii) any other asset that was acquired (including a loan made) using money in the Wheat Industry Fund;

   or is required to be credited to the Wheat Industry Fund; or

(b) is real property, a fixed asset (including for the avoidance of doubt any capitalised software development costs) or is a lease of land or of plant or equipment; or

(c) is an employee of the Board or the terms and conditions (within the meaning of section 13 of the Wheat Marketing Amendment Act 1997) of an employee of the Board or accrued benefits or mobility rights of any employee of the Board; or

(d) is or forms part of the early final payment reserve; or

(e) is attributable to anything done by or in relation to the Board under Division 2 or 3 of Part 4 of the Wheat Marketing Act 1989 in connection with pool return wheat being old seasons wheat; or

(f) arises under or in relation to any borrowing transaction that relates to pool return wheat, being old seasons wheat; or

(g) is or arises under or in relation to a contract entered into under section 74 of the Wheat Marketing Act 1989 that relates to pool return wheat, being old seasons wheat; or

(h). is an investment made by the Board using the proceeds of the sale or disposal of pool return wheat, being old seasons wheat, or the proceeds of any borrowing transaction that relates to pool return wheat, being old seasons wheat; or

(i) is a statutory book, register or record relating to the assets, operations or affairs of the Board; or

(j) contract with auditors or other advisers to the Board; or

(k) membership in any association or industry body; or

(l) is a licence or other right to use intellectual property; or

(m) is a liability of the Board in connection with any borrowing transaction relating to the stress payment facility.

3

(a) In these declarations (including the Schedules to this declaration) unless otherwise defined or the context otherwise requires:

terms defined in the Wheat Marketing Amendment Act 1997 have the same meanings when used in this declaration;

**document of title** includes an instrument or contract which creates or evidences a right or other asset;

**transfer time** means in relation to a company the time when that company is declared by the Minister to be:

(a) in the case of AWB Ltd, nominated company A;

(b) in the case of AWB (International) Ltd, nominated company B; and

(c) in the case of AWB (Australia) Ltd, nominated company C;

a reference to a Schedule is a reference to a Schedule to this declaration;

a reference to "pool return wheat" includes a reference to wheat other than pool return wheat included in a pool established under Division 2 or 3 of Part 4 of the Wheat Marketing Act 1989 and includes grain other than wheat sold or disposed of in association with wheat in a pool established under Division 2 or 3 of Part 4 of the Wheat Marketing Act 1989 but does not include transferred pool return wheat within the meaning of section 63 of the Wheat Marketing Act 1989.

(b) Where the rights and obligations under a contract or an instrument relating to a contract would, but for this provision, become rights and obligations of more than one designated company, these declarations shall be taken to have effect as if a reference in these declarations to those rights and obligations under that contract which become rights and obligations of each of those designated companies were a reference to those rights and liabilities determined by the Auditor-General to be fairly attributable to the business and activities or proposed business and activities of that designated company as at the transfer time.

*Commonwealth of Australia Gazette*
*No. GN 25, 24 June 1998*

**SIGNED** by the Managing Director of the  )
**AUSTRALIAN WHEAT BOARD**  )
under a delegation from the Board in the  )
presence of:  )

........................................................
Witness

........................................................
W.M. Rogers
Managing Director

# SCHEDULE 1

| Column 1<br>(Asset) | Column 2<br>(Instrument) | Column 3<br>(Designated Company) |
|---|---|---|
| **Part A**<br>Assets of the Board attributable to anything done by or in relation to the Board under Division 2 or 3 of Part 4 of the Wheat Marketing Act 1989 in connection with pool return wheat, being new seasons wheat, including any investment made by the Board before the transfer time using the proceeds of the sale or disposal of pool return wheat, being new season wheat, bought by the Board and any investment made by the Board before the transfer time using money borrowed as mentioned in subsection 22(1) of the Wheat Marketing Amendment Act 1997. | Each document of title to an asset included in Column 1 of Part A of this Schedule | AWB (International) Limited |
| **Part B**<br>Assets of the Board attributable to trading in grains other than under Division 2 or 3 of Part 4 of the Wheat Marketing Act 1989. | Each document of title to an asset in Column 1 of Part B of this Schedule | AWB (Australia) Limited |
| **Part C**<br>Assets of the Board attributable to anything done by or in relation to the Board, including but not limited to assets in connection with the business carried on as "Academy of Grain Technology", but not including assets described in Part A or B of this Schedule 1 | Each document of title to an asset included in Column 1 of Part C of this Schedule | AWB Ltd |

Commonwealth of Australia Gazette
No. GN 25, 24 June 1998

Government departments    1981

# SCHEDULE 2

| Column 1<br>(Liability) | Column 2<br>(Instrument) | Column 3<br>(Designated Company) |
|---|---|---|
| **Part A**<br>Each liability under or in connection with a borrowing transaction entered into by the Board before the transfer time for any of the following purposes:<br>(a) the making of advance payments for pool return wheat, being new season wheat;<br>(b) the making of payments in lieu of final payments for such wheat;<br>(c) the making of operational expenses incurred in connection with the sale or disposal of such wheat.<br>Each liability under or in connection with a borrowing transaction entered into by the Board before the transfer time in connection with trading in grains other than under Division 2 or 3 of Part 4 of the Wheat Marketing Act 1989.<br>Each liability in connection with the business carried on as "Academy of Grain Technology". | Each instrument creating or evidencing a liability specified in Column 1 of Part A of this Schedule | AWB Ltd |
| **Part B**<br>Each liability of the Board under or in connection with the purchase, marketing or sale of pool return wheat, being new seasons wheat, including, but not limited to, creditors and obligations in relation to growers' residual interest in pools for new seasons wheat other than: | Each instrument creating or evidencing a liability specified in Column 1 of Part B of this Schedule | AWB (International) Ltd |

| Column 1 (Liability) | Column 2 (Instrument) | Column 3 (Designated Company) |
|---|---|---|
| (a) liabilities under or in connection with borrowing transactions described in Part A of this Schedule; <br> (b) liabilities under contracts referred to in Part A of Schedule 3. | | |
| **Part C** <br> Each liability of the Board incurred before the transfer time as a result of anything done by or in relation to the Board in connection with trading in grains other than under Division 2 or 3 of Part 4 of the Wheat Marketing Act 1989 other than: <br> (a) liabilities under or in relation to borrowing transactions; or <br> (b) contracts entered into or dealt with by the Board under section 74 of the Wheat Marketing Act before the transfer time that relates to a borrowing transaction. | Each instrument creating or evidencing a liability specified in Column 1 of Part C of this Schedule | AWB (Australia) Ltd |

*Commonwealth of Australia Gazette*
*No. GN 25, 24 June 1998*                                                                 *Government departments*    1983

# SCHEDULE 3

| Column 1<br>(Contract) | Column 2<br>(Instrument) | Column 3<br>(Designated Company) |
|---|---|---|
| **Part A**<br>Each contract entered into or dealt with by the Board under section 74 of the Wheat Marketing Act 1989 before the transfer time in connection with pool return wheat, being new seasons wheat, that relates to a borrowing transaction covered by subsection 22(1) of the Wheat Marketing Amendment Act 1997 or that relates to a borrowing transaction in connection with trading in grains other than under Division 2 or 3 of Part 4 of the Wheat Marketing Act 1989.<br><br>Each contract creating assets or liabilities all of which have been transferred to AWB Ltd by these declarations. | Each instrument entered into under or for the purposes of a contract specified in Column 1 of Part A of this Schedule including confirmations | AWB Ltd |
| **Part B**<br>Each contract entered into by the Board under section 74 of the Wheat Marketing Act 1989 before the transfer time in connection with pool return wheat, being new seasons wheat, which does not relate to a borrowing transaction covered by subsection 22(1) of the Wheat Marketing Amendment Act 1997.<br><br>Each contract creating assets or liabilities all of which have been transferred to AWB (International) Ltd by these declarations. | Each instrument entered into under or for the purposes of a contract specified in Column 1 of Part B of this Schedule to the extent such instrument relates to such contract including, to the extent such instrument relates to such contract, confirmations | AWB (International) Ltd |

1984   *Government departments*                    *Commonwealth of Australia Gazette*
                                                              *No. GN 25, 24 June 1998*

| Column 1 (Contract) | Column 2 (Instrument) | Column 3 (Designated Company) |
|---|---|---|
| **Part C**<br>Each contract entered into by the Board in connection with trading in grains other than under Division 2 or 3 of Part 4 of the Wheat Marketing Act 1989 other than borrowing transactions or contracts entered into under section 74 of the Wheat Marketing Act 1989 which relate to a borrowing transaction.<br><br>Each contract creating assets or liabilities all of which have been transferred to AWB (Australia) Ltd by these declarations. | Each instrument entered into under or for the purposes of a contract specified in Column 1 of Part C of this Schedule | AWB (Australia) Ltd |

9609079